**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERNESTO MUTUC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No.  04 C 6034 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | HONORABLE DAVID H. COAR |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Ernesto Mutuc's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is before this Court. For the following reasons, the motion is DENIED.

**I. FACTS**

In 1994, Mutuc's marriage ended in divorce. Under the divorce decree, Mutuc's former wife, Julie Kanealy, received alimony, child support, the marital domicile, and the funds within Mutuc's 401(k). The 401(k) funds, approximately $36,000 as of May 2, 1994, were to be used in paying the marital debts. Kanealy failed to pay the creditors.

The divorce proceedings also provided for reciprocal releases and indemnity agreements for the spousal debts occurring after October 1, 1992. Nevertheless, in 1998 James B. Pritikin, Kanealy's divorce attorney, obtained a judgment for attorney's fees against Mutuc for $9,812.50. Shortly thereafter, Mutuc filed for bankruptcy, represented by attorney George Jonscher.

Mutuc, through Jonscher, filed a Chapter 7 bankruptcy petition in the Northern District of Illinois on April 4, 1998. Mutuc stated that his total secured debt amounted to $51,427, his monthly income was $1,560.28, and his monthly expenses were $3,463.70. More importantly, Mutuc claimed that he owned no real estate, had a limited number of stock options from his former employer, and had a checking account with Mid-Town Bank with a balance of zero. He also claimed his money market account at Northern Trust was closed in November of 1997 when he gave the final balance of $15,914.43 to his sister.

Essentially, Mutuc claimed that he had no assets or money to satisfy debts that equaled approximately $80,000. The bankruptcy court granted Mutuc a discharge of his debts. It later became apparent that much of this information was false.

Mutuc's stated reason for filing for bankruptcy was to force his ex-wife to pay the marital debts. In doing so, he badly misrepresented his net worth. The facts show, among other things, that Mutuc concealed various bank accounts and stock options, that he concealed his ownership of real property and failed to disclose the transaction in which he obtained the property, and that he misrepresented his gross income. Many of these false statements were made in documents filed in the bankruptcy court and others given orally while under oath.

At some point during an August 27, 1998 deposition regarding the dischargeability of Pritikin's attorney's fees, Mutuc admitted to being the true owner of the real property mentioned above. Pritikin then informed the office of the United States Attorney that Mutuc had committed bankruptcy fraud.

The government charged Mutuc with one count of filing a bankruptcy petition in furtherance of a scheme to defraud, 18 U.S.C. §157; two counts of making false statements,

under penalty of perjury, 18 U.S.C. §152(3); and one count of making a false oath or account in a bankruptcy case, 18 U.S.C. §152(2). After a six day jury trial, Mutuc was found guilty as charged and sentenced to twenty three months' imprisonment, three years' supervised release and fined $4,000. Mutuc filed an appeal with the Seventh Circuit, arguing (1) ineffective assistance of counsel, (2) failure to properly instruct the jury, and (3) an erroneous sentence calculation. On November 21, 2003, the Seventh Circuit affirmed Mutuc's conviction and sentence. Mutuc then filed the instant Section 2255 petition with this court.

In his Section 2255 petition, Mutuc alleges three grounds for relief: (1) the government used perjured testimony and introduced new charges at trial, violating his Fifth and Sixth Amendment rights; (2) the trial court violated his Sixth Amendment right to a jury trial by increasing his sentence for loss amount and obstruction of justice; and (3) ineffective assistance of counsel.

**II. LEGAL STANDARD**

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted). If the reviewing court determines that any such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In addition, after reviewing the Petitioner's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *see also Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).

Habeas corpus relief is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

## III. ANALYSIS

Under the procedural default doctrine, claims not raised on direct appeal are barred from collateral review unless a failure to consider the issue would amount to a fundamental miscarriage of justice. *Fountain v. U.S.*, 211 F.3d 429 (2000). That is, "constitutional claims may be raised for the first time in a collateral attack, if the defendant can demonstrate cause for the procedural default as well as actual prejudice from the failure to appeal." *Barker v. U.S.,* 7 F.3d 629 (1993). In the present case, Mutuc did not raise on direct appeal the claims that (1) the government used perjured testimony and introduced new charges at trial, violating his Fifth and Sixth Amendment rights; (2) the trial court violated his Sixth Amendment right to a jury trial by increasing his sentence for loss amount and obstruction of justice. Mutuc argued on appeal that his sentence calculation was in error, but did not argue that his right to a jury trial was violated in sentencing. Mutuc does not demonstrate either good cause or actual prejudice from his failure to

raise the above claims on direct appeal. In his reply brief, Mutuc seems to argue that there was allegedly falsified information provided in trial, and asserts that this gave cause and prejudice for the failure to raise the above two claims on appeal. Asserting that there was false information presented at trial does not explain why Mutuc did not bring this to the attention of the courts on appeal, and demonstrates neither cause nor prejudice. Thus, claims (1) and (2), as stated above, are procedurally defaulted.

The Government further contends that the ineffective assistance of counsel claim is procedurally defaulted because it was already advanced and reviewed on direct appeal. The Seventh Circuit has held that "in the absence of changed circumstances of fact or law, [courts] will not reconsider an issue which was already decided on direct appeal." *Olmstead v. United States*, 55 F.3d 316 (7th Cir. 1995). The ineffective assistance of counsel claim has already been brought before the Seventh Circuit, where it was argued that Mutuc's trial attorney was ineffective because, *inter alia*, he was deficient in cross examination of Government witnesses, he failed to file motions in limine and object to certain evidence, and he had a poor relationship with Mutuc. Mutuc brings these claims again in the instant 2255 petition, and absent a change in law or fact, these claims are barred.

Mutuc also argues that defense failed to call certain witnesses, rendering ineffective assistance of counsel. Decisions as to whether to call certain witnesses or ask particular questions are tactical matters, not subject to review. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). A lawyer's decision to call or not to call a witness, without more, is a strategic decision, and does not rise to the level of a Six Amendment violation. *Id*. This court

raise the above claims on direct appeal. In his reply brief, Mutuc seems to argue that there was allegedly falsified information provided in trial, and asserts that this gave cause and prejudice for the failure to raise the above two claims on appeal. Asserting that there was false information presented at trial does not explain why Mutuc did not bring this to the attention of the courts on appeal, and demonstrates neither cause nor prejudice. Thus, claims (1) and (2), as stated above, are procedurally defaulted.

The Government further contends that the ineffective assistance of counsel claim is procedurally defaulted because it was already advanced and reviewed on direct appeal. The Seventh Circuit has held that "in the absence of changed circumstances of fact or law, [courts] will not reconsider an issue which was already decided on direct appeal." *Olmstead v. United States*, 55 F.3d 316 (7th Cir. 1995). The ineffective assistance of counsel claim has already been brought before the Seventh Circuit, where it was argued that Mutuc's trial attorney was ineffective because, *inter alia*, he was deficient in cross examination of Government witnesses, he failed to file motions in limine and object to certain evidence, and he had a poor relationship with Mutuc. Mutuc brings these claims again in the instant 2255 petition, and absent a change in law or fact, these claims are barred.

Mutuc also argues that defense failed to call certain witnesses, rendering ineffective assistance of counsel. Decisions as to whether to call certain witnesses or ask particular questions are tactical matters, not subject to review. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). A lawyer's decision to call or not to call a witness, without more, is a strategic decision, and does not rise to the level of a Six Amendment violation. *Id* . This court

does not find that trial counsel's performance fell below an objective standard of reasonableness in its defense of Mutuc; Mutuc's 2255 petition of ineffective assistance of counsel is denied.

## IV. CONCLUSION

For the foregoing reasons, Mutuc's Motion to Vacate Pursuant to 28 U.S.C. 2255 is DENIED. This case is closed.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

Dated: **September 26, 2007**